**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| City of Escanaba, Michigan ) <br> ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> Federal Energy Regulatory Commission ) <br> ) <br> Respondent ) | Case No. 16-1228 |

**STATEMENT OF THE ISSUES**
**OF PETITIONER**

Pursuant to the Court's July 7, 2016 order, the City of Escanaba, Michigan ("Escanaba" or the "City") hereby submits the following preliminary and non-binding statement of the issues presented for review:

1. In the two orders under review, the Federal Energy Regulatory Commission ("FERC" or the "Commission") accepted a formula rate, despite finding that the formula rate had serious flaws. This action violated the Administrative Procedure Act, 5 U.S.C. §§ 551-559 (2014). *See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (action is arbitrary and capricious where there is no "rational connection between the facts found and the choices made.") (internal citation omitted); *Ill. Commerce Comm'n v. FERC*, 576 F.3d 470, 477 (7th Cir. 2009) (explaining that a reviewing court cannot "uphold a regulatory decision that is not

1

supported by substantial evidence on the record as a whole."); *Ass'n of Oil Pipelines v. FERC*, 83 F.3d 1424, 1431 (D.C. Cir. 1996) (the Commission's orders must articulate "a rational connection between the facts found and the choice made.") (internal citations and quotations omitted). *See, e.g.*, *Delmarva Power & Light Co. v. FERC.*, 770 F.2d 1131, 1142-1143 (D.C. Cir. 1985) ("Under these circumstances, we have no choice but to characterize this case as one in which the Commission has taken inconsistent positions without ever explaining either of those positions, let alone explaining the change from the former position to the latter. That is arbitrary and capricious."); *General Chemical Corp. v. United States*, 817 F.2d 844, 857 (D.C. Cir. 1987) (finding an administrative agency order arbitrary and capricious because the agency's analysis was "internally inconsistent and inadequately explained.").

2. In the two orders under review, the Commission ordered a change to coincident peak load calculation in the cost allocation methodology, despite the fact that such a change was unsupported by the record. This action was not reasoned decision-making, and was arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 551-559 (2014). *See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (action is arbitrary and capricious where there is no "rational

connection between the facts found and the choices made.") (internal citation omitted); *Ill. Commerce Comm'n v. FERC*, 576 F.3d 470, 477 (7th Cir. 2009) (explaining that a reviewing court cannot "uphold a regulatory decision that is not supported by substantial evidence on the record as a whole."); *Ass'n of Oil Pipelines v. FERC*, 83 F.3d 1424, 1431 (D.C. Cir. 1996) (the Commission's orders must articulate "a rational connection between the facts found and the choice made.") (internal citations and quotations omitted).

3. In the two orders under review, the Commission ordered retroactive re-allocation of costs, and resulting surcharges. This action was outside of the Commission's authority under section 206 of the Federal Power Act, 16 U.S.C. § 824e, and was therefore arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 551-559 (2014). *Electrical Dist. No. 1 v. FERC*, 774 F.2d 490, 492-493 (D.C. Cir. 1985); *City of Anaheim v. FERC*, 558 F.3d 521, 525-526 (D.C. Cir. 2009). The Commission's decision to order retroactive re-allocation of costs was also an unsupported departure from precedent. *See also INS v. Yueh-Shaio Yang*, 519 U.S. 26, 32 (1996) ("Though the agency's discretion is unfettered at the outset, if it announces and follows--by rule or by settled course of adjudication--a general policy by which its exercise of discretion will be governed, an

irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as arbitrary, capricious, [or] an abuse of discretion within the meaning of the Administrative Procedure Act.") (internal citations and quotations omitted).  *See also La. Pub. Serv. Comm'n v. Entergy Corp.*, 155 FERC ¶ 61,120 (2016).

        Respectfully submitted,

        */s/ Christopher R. Jones*
        Christopher R. Jones
        TROUTMAN SANDERS LLP
        401 9th Street, N.W., Suite 1000
        Washington, D.C. 20004
        (202) 662-2181
        Christopher.Jones@troutmansanders.com

        *Counsel for the Petitioner*

Dated this the 8th day of August, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the forgoing document using the CM/ECF system, which automatically provides email notification of the filing to the attorneys of record in the above captioned docket.

Dated at Washington, D.C., this 8th day of August, 2016.

*/s/ Christopher R. Jones*
Christopher R. Jones
Troutman Sanders LLP